# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES BRACCIODIETA, | ) |
| Petitioner, | ) |
| v. | ) Case No. 09-1053 |
| DENNIS SMITH, Warden, | ) |
| Respondent. | ) |

## O R D E R

This matter is now before the Court on Petitioner, Charles Bracciodieta's ("Bracciodieta"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the Petition [#1] is converted into a Bivens action and Bracciodieta is ordered to submit the $350 civil filing fee.

### BACKGROUND

Bracciodieta is an inmate at FCI Pekin in Pekin, Illinois. On February 9, 2009, he filed this petition pursuant to § 2241, his third § 2241 petition in less than three weeks. In this Petition, he argues that his confinement is unlawful because (1) the prison is understaffed and overcrowded and (2) that the Warden and his employees hire undocumented aliens to work for slave wages and supply government social programs, education, and medical care to these illegal aliens. Bracciodieta asks this Court to rule his confinement illegal and order his immediate release. This Order follows.

### DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez,

411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994).  The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Bracciodieta does not challenge the fact or duration of his confinement.  Rather, he challenges the conditions under which he is being held. Glaus v. Anderson, 408 F.3d 382, 386 (7th Cir. 2005).

> If the prisoner is seeking what can be fairly described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, then habeas corpus is his remedy.  But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.

Id., at 386-87, *citing* Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991).  Accordingly, Bracciodieta's claim cannot be brought pursuant to § 2241 and must be filed as a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

The Court notes that in its order dismissing Bracciodieta's second § 2241 petition (09-1028), it informed Bracciodieta that he was now on notice that future attempts to improperly seek relief under § 2241 will be converted into Bivens actions, making him liable for the civil filing fee.  The Court finds that because Bracciodieta has previously been educated regarding the limited applicability of petitions pursuant to § 2241 and warned regarding the future consequences of improperly seeking relief under § 2241,  it is proper to convert this cause of action into a Bivens action, making him liable for the civil filing fee.

**CONCLUSION**

For the reasons stated herein, Bracciodieta's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is converted into a <u>Bivens</u> action and Bracciodieta is ordered to submit the $350 civil filing fee or the documentation indicating he would like to proceed in forma pauperis ("IFP") within 14 days or this action will be dismissed. Regardless of whether Plaintiff is able to pay the $350 in one lump sum payment, he must pay the entire fee over time, even if he receives IFP status.

ENTERED this 10th day of February, 2009.

/s Michael M. Mihm
Michael M. Mihm
United States District Judge