E-FILED
Wednesday, 10 June, 2009  09:01:43 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS


CHARLES BRACCIODIETA,
        Plaintiff,


        vs.                                                  09-1053

DENNIS SMITH, et. al.,
        Defendants.


CASE MANAGEMENT AND MERIT REVIEW ORDER

        This cause is before the court for merit review of the plaintiff's complaint.  The court is
required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to
identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is
legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief
may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."
28 U.S.C. §1915A.

        The plaintiff, Charles Bracciodieta, has submitted an amended complaint pursuant to
*Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),
claiming that his constitutional rights were violated at the Federal Correctional Institution in
Pekin, Illinois.  The plaintiff has named six defendants including Warden Dennis Smith, Unit
Manager N. Mall, Case Manager Michael Weghorst, Unit Manager Gellner Bureau of Prisons
(herein BOP) Regional Director Michael K. Nalley and BOP Director Harley Lappin.

        The plaintiff starts his amended complaint by saying that Defendants Smith, Nalley and
Lappin hire "undocumented illegal alien Mexicans" to work in the prison for less than minimum
wage thereby denying those jobs to Americans.  The plaintiff also alleges they defendants
provide social and educational programs to these illegal aliens.   The plaintiff has failed to state a
claim concerning this allegation.   The plaintiff has no standing to bring a claim concerning jobs
or programs which are denied to people other than the plaintiff.

        The plaintiff also maintains that Defendants Smith, Nally and Lappin retaliated against
him for complaining about the use of illegal aliens.   The plaintiff says Mexican Gang members
have placed a "hit" on the plaintiff.   However, instead of trying to protect the plaintiff, he says
the defendants have retaliated against him by approving a transfer to a federal prison in Texas
which contains a higher population of violent Mexican gang members and is thousands of miles
from his family and friends.  The plaintiff has articulated a violation of his First Amendment
rights based on retaliation.  In order to prevail on a retaliation claim, the plaintiff must ultimately
show that " (1) he engaged in activity protected by the First Amendment; (2) he suffered a
deprivation that would likely deter First Amendment activity in the future; and (3) the First

1

Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v Gilbert,* 557 F.3d 541, 545 (7ᵗʰ Cir. 2009) *qouting Massey v Johnson,* 457 F.3d 711, 716 (7ᵗʰ Cir. 2006).  Oral grievances are protected the same as written grievances. *Pearson v Welborn,* 471 F.3d 732, 741 (7ᵗʰ Cir. 2006).

The plaintiff further claims that Defendants Smith, Weghorst and Gellner "with a proposed settlement to the original complaint filed in this case" told him that if he withdrew his complaint, he would be given an orderly job and sent to a federal prison in Florida. (Comp., p 6) The plaintiff says he was given the job, but was transferred to Texas.   The plaintiff has not clearly stated a violation of his constitutional rights.  He was obviously not prevented from filing this lawsuit.

The plaintiff alleges that Defendants Weghorst, Mall and Gellner "intentionally denied me the ability to finish the inmate grievance process by not providing the required amount of copies..." and by providing late responses.  (Comp, p. 6)   The plaintiff has failed to state a constitutional violation.  The court notes that "grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v Sheahan,* 81 F.3d 1422, 1430 (7ᵗʰ Cir. 1996).  " The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution." *McGee v Mayo,* 2005 WL 1263141 at 3 (S.D. Ill May 27, 2005) *citing Maust v Headley,* 959 F.2d 644, 648 (7ᵗʰ Cir. 1992); *Shango v Jurich,* 681 F.2d 1091 (7ᵗʰ Cir. 1982).  In addition, the plaintiff has not pointed to any litigation he was prevented from pursuing.

The plaintiff also alleges that Defendants Smith, Nally and Lappin are responsible for overcrowding at the Federal Correctional Institution in Pekin.   The plaintiff provides no specific information about any impact overcrowding had on him or how the alleged overcrowding violated his constitutional rights.

The court notes that the plaintiff continues to send letters to the court stating that he believes he is in danger within the BOP. [d/e 17]  Once again, the plaintiff is reminded that this is an improper filing.  If the plaintiff believes he is in danger, it is his responsibility to address these concerns with prison officials.  The court has no jurisdiction over a federal prison in Texas. In addition, the plaintiff should not send letters to the court.  The plaintiff should file only the appropriate motions or responses to motions in this case.

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: Defendants Smith, Nally and Lappin retaliated against the plaintiff in violation of his First Amendment rights.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above,**

are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.   Therefore, the clerk of the court is directed to dismiss Defendants Mall, Weghorst and Gellner.

3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6 )  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 10th Day of June, 2009.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE