UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLES BRACCIODIETA,
    Plaintiff,

vs.                                    09-1053

DENNIS SMITH, et. al.,
    Defendants.

## CASE MANAGEMENT ORDER

This cause is before the court for case management. The defendants have filed a motion for summary judgment claiming the plaintiff has failed to exhaust his administrative remedies. [d/e 28]

This action began as a Habeas Corpus Petition under 28 U.S.C. §2241. In fact, the plaintiff had filed three petitions pursuant to §2241 in less than three weeks. *See* February 11, 2009 Court Order. The court held a hearing concerning the first petition, and noted that the claims should have been filed pursuant to *Bivens*. *See Bracciodieta v Smith,* Case No. 09-1016, January 22, 2009 Minute Entry. In addition, the plaintiff was clearly admonished in writing in his second case:

> now that Bracciodieta has been educated regarding the limited applicability
> of petitions pursuant to §2241, he should be on notice that future attempts
> to improperly seek relief under §2241 will be converted into *Bivens* actions,
> making him liable for the civil filing fee. February 11, 2009 Court Order, p. 2.

Two weeks after this order was entered, the plaintiff filed his third petition pursuant to §2241.[1] The court notes that the plaintiff also filed a fourth §2241 petition before a different federal judge in the Central District of Illinois on March 6, 2009. *See Bracciodieta v Smith,* Case No. 09-1083. This case was dismissed since it also should have been filed as a *Bivens* action.

On February 9, 2009, the plaintiff filed this Habeas Corpus Petition in which he complained about overcrowding at FCI Pekin and the use of Mexican inmates in prison jobs. The plaintiff asked the court to hold that his confinement was illegal and to order his immediate release. The court found that the filing was actually a complaint concerning the conditions of confinement and converted the lawsuit into a *Bivens* action. *See* February 10, 2009 Court Order.

---

[1] The court had dismissed both previous actions without prejudice. *Bracciodieta v Smith,* Case No. 09-1028; *Bracciodieta v Smith,* Case No. 09-1016.

1

The judge noted that he had previously warned the plaintiff that future attempts to improperly seek relief under §2241 would be converted into a *Bivens* action, making him liable for the civil filing fee. *See* February 10, 2009 Court Order; *see also Bracciodieta v Smith,* Case No. 09-1028; *Bracciodieta v Smith,* Case No. 09-1016. The plaintiff was ordered to pay the $350 filing fee or file a motion to proceed *in form pauperis* and the case was transferred to a different division.

The plaintiff responded by filing two motions to amend his complaint and a motion to proceed *in forma pauperis.* The plaintiff restated his claims pursuant to a *Bivens* action and added defendants.

The court notes that the Seventh Circuit has stated that a petition for habeas corpus may not be converted to a civil rights action. *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir.2004). There are different procedural requirements and different potential consequences between a *Bivens* action and habeas petition. For instance, the filing fee for a *Bivens* lawsuit is $350 as opposed to $5 for an action under 28 U.S.C. §2241. The requirements for exhaustion are much stricter in *Bivens* suits than in §2241 actions. Also, actions under *Bivens* are subject to the Prison Litigation Reform Act, but habeas corpus actions are not. Under the Prison Litigation Reform Act, a prisoner's complaint which is dismissed as frivolous or malicious or for failing to state a claim upon which relief can be granted, will earn the prisoner a "strike" under the three-strikes provision and potentially limit his future ability to proceed in forma pauperis. *See* 28 U.S.C §1915(g). The Seventh Circuit reasoned that judges should leave the decision of what type of action to bring "to litigants, after they know what is at stake." *Richmond,* 387 F.3d at 606.[2] Therefore, the court must dismiss this lawsuit without prejudice.

However, litigants should also not be allowed to abuse the court system. The court notes that this plaintiff is a serial litigator with more than 25 prior cases filed in the federal courts. This is not the first time the plaintiff has filed a habeas petition only to be admonished by a federal court that his claims were more suited for a *Bivens* action. *See Bracciodieta v. Warden,* Case No. 99-3007 (September 22, 1999 Order) in United States District Court of Kansas; *Bracciodieta v. Casterline,* Case No. 02-387 ( April 29, 2002 Order) in United States District Court of Louisiana; *Bracciodieta v. Warden Wiley,* Case No. 03-1201 (February 10, 1004 Order) in United States District Court of Georgia. The plaintiff could face sanctions if he continues to improperly file habeas petitions after he has repeatedly been admonished by the courts.

**IT IS THEREFORE ORDERED that:**

**1) This case is dismissed without prejudice. The plaintiff improperly filed his allegations as a Habeas Corpus Petition under 28 U.S.C. §2241**.

---

[2] It is doubtful the plaintiff could demonstrate that he properly exhausted his administrative remedies for a claim pursuant to *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

**2) The defendants motion for summary judgment and motion to stay discovery are denied as moot. [d/e 28, 36]**

Entered this 27th day of August, 2010.

\s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE